Todd, Respondent, *vs.* Gunn's Administrator, Appellant.

1. Under the act to establish a probate court in Buchanan county, (sess. acts of 1851, p. 514,) an appeal may be taken *in vacation* within thirty days after judgment.
2. A manifest clerical error in the record making it appear that the appeal was taken before judgment, is no ground for dismissing the appeal, the bond showing that the appeal was taken within the time allowed by law.

*Appeal from Weston Court of Common Pleas.*

*Adams*, for appellant.
*Abell & Stringfellow*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

This cause was commenced in the Probate Court, whence it was appealed to the Circuit Court of Platte county, from which it was transferred by a change of venue to the Weston Court of Common Pleas, where the appeal was dismissed and the cause brought here.

The appeal from the Probate Court was dismissed by the Court of Common Pleas in Platte county, on a motion founded on the following reasons : That the appeal was not taken according to law ; that it was not taken during the term at which the judgment was rendered ; that no bill of exceptions was allowed and filed ; that no appeal was taken from the judgment of the Probate Court ; that the pretended appeal was taken before the judgment was rendered.

The tenth section of the sixth article of the act to establish a Probate Court in Buchanan county, puts that act in force in the county of Platte. (Sess. Acts of 1851, p. 514.) The second and third sections of this act regulate the taking of appeals from the Probate to the Circuit Court. It appears from the record that an appeal was granted ; that there was an affidavit and a bond for an appeal. The bill of exceptions was signed by the judge and certified by the clerk.

As to the objection that the appeal was not taken during the term at which the judgment was rendered, the third section of the act referred to allows appeals to be taken within thirty days from the rendition of the judgment. This, surely, implies that an appeal may be taken in vacation, as a judgment may be rendered on the last day of the term.

It appears that the allowance was made on the 8th February, 1853, by the Probate Court. The record states that afterwards, on the 4th of February, 1853, in vacation, an appeal was prayed. This is evidently a clerical error, as the appeal being asked for after the judgment, it could not have been on the 4th February, 1853. The other proceedings correct this, and show it to be an error, for the appeal bond was dated on

the 4th March, 1853, showing that the appeal was taken within the time allowed by law.

The judgment will be reversed, and the cause remanded ; and as the plaintiff, Todd, has obtained the benefit of his claim in this suit in another action, decided at this term, the defendant may avail himself of that defence in a trial *de novo*, in the court to which this cause will be remanded.

The other judges concurring, the judgment will be reversed, and the cause remanded.